**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| SUNSET MANAGEMENT, INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AFFINITY RESIDENTIAL CARE LLC d/b/a AFFINITY CARE MN, a Minnesota limited liability company; ZAHNIA HARUT, an individual; ACMN PROPERTIES LLC, a Minnesota limited liability company; and ACMN PROPERTIES JADE LLC, a Minnesota limited liability company.,<br><br>Defendants. | Case No.: ______________________<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff Sunset Management, Inc. ("Plaintiff" or "Sunset"), for its Complaint for Trademark Infringement and Demand for Jury Trial, asserts the following claims against Defendants Affinity Residential Care LLC, a Minnesota limited liability company; Zahnia Harut, an individual; ACMN Properties LLC, a Minnesota limited liability company; and ACMN Properties Jade LLC, a Minnesota limited liability company:

## Nature of Action

1. Sunset is the owner and licensor of the federally-registered AFFINITY word mark ("AFFINITY Word Mark") and a two-tone dual-leaf AFFINITY design

mark (collectively, the "AFFINITY Marks" as defined and more particularly described below) used in connection with "Affinity"-branded senior living communities throughout the country. The AFFINITY Marks are used to nationally market the Affinity living communities through the website www.AffinityForLiving.com.

2. Sunset brings this action against Defendants seeking injunctive and other relief in connection with Defendants' willful and blatant trademark infringement and unfair competition in violation of Sections 43(a) and 32(1)(a) of the United States Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. § 1125(a) and 15 U.S.C. § 1114(1)(a), respectively, and for Defendants' acts of trademark infringement, unfair competition, and unfair and deceptive trade practices in violation of the laws of Minnesota, including but not limited to Minn. Stat. § 325D.43, et seq., arising from (i) Affinity Residential Care LLC's unauthorized use of the AFFINITY Word Mark and marks that are confusingly similar to the AFFINITY Word Mark on www.AffinityCareMN.com and (ii) the remaining Defendants' continued supply of property to Affinity Residential Care LLC knowing that the latter is using the properties to infringe the AFFINITY Word Mark.

3. Defendants' use of the AFFINITY Word Mark despite Sunset's clear federal and common law rights has caused and is likely to cause confusion and to

deceive members of the public, including the senior/retirement community, which will continue and escalate absent relief from this Court.

**Parties**

4. Sunset is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 120 West Cataldo Avenue, Spokane, Washington 99201.

5. Sunset is the sole owner of all rights, title, and interest in and to the trademarks AFFINITY (word mark in standard characters), registered under U.S. Trademark No. 4,212,563, and AFFINITY (stylized two-tone dual-leaf design set forth below), registered under U.S. Trademark No. 4,212,565 (collectively, the "AFFINITY Marks").

6. On information and belief, Defendant Affinity Residential Care LLC is a limited liability company organized and existing under the laws of the State of Minnesota, with its principal place of business located at 2001 West 94th Street, Suite 5, Bloomington, Minnesota 55431. On information and belief, Defendant Affinity Residential Care LLC operates as "Affinity Residential Care" and under the assumed name "Affinity Care MN." It owns, operates, manages, markets, and advertises housing and residential services on its website, www.AffinityCareMN.com.

7. Defendant ACMN Properties Jade LLC is a limited liability company organized and existing under the laws of the State of Minnesota, with its principal place of business located at 8053 Bloomington Fwy East, Suite 500, Bloomington, Minnesota 55420. ACMN Properties Jade LLC owns the properties at (i) 3552 Clinton Avenue, Minneapolis, Minnesota 55408 and (ii) 1912 East 26th St., Minneapolis, Minnesota 55404.

8. Defendant ACMN Properties LLC is a limited liability company organized and existing under the laws of the State of Minnesota, with its principal place of business located at 8053 Bloomington Fwy East, Suite 500, Bloomington, MN 55420. ACMN Properties LLC owns the properties at (i) 609 12th Street, Newport, MN 55055, (ii) 3517 11th Avenue South, Minneapolis, Minnesota 55407, and (iii) 71 Isabel Street West, St. Paul, MN 55107.

9. Zahnia Harut is an individual and resident of the State of Minnesota and the sole manager of Defendants Affinity Residential Care LLC, ACMN Properties Jade LLC, and ACMN Properties LLC. On information and belief, Ms. Harut is also the owner and/or Chief Executive Officer of Defendant Affinity Residential Care LLC d/b/a Affinity Care MN and owns the property at 6604 4th Avenue South, Richfield, MN 55423.

**Jurisdiction & Venue**

10. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. § 1114 because this is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), seeking damages, injunctive, and other relief.

11. This Court has jurisdiction over this action under 28 U.S.C. § 1338(a) and (b), and under the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

12. This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

13. This Court has personal jurisdiction over Defendant Affinity Residential Care LLC because it is organized and exists under the laws of Minnesota, is domiciled in and transacts business in Minnesota, and has engaged in conduct causing harm to Sunset in the State of Minnesota. Specifically, Defendant Affinity Residential Care LLC owns, operates, markets, advertises, sells, and provides housing and residential services to prospective tenants in Minnesota under the assumed name "Affinity Care MN" via its website, www.AffinityCareMN.com, by using the AFFINITY Word Mark and marks that are confusingly and deceptively similar to the AFFINITY Marks without authorization. Affinity Residential Care

LLC's unauthorized use of the Affinity Word Mark creates actual confusion and a likelihood of confusion among Minnesota consumers and has damaged and continues to damage Sunset.

14. This Court has personal jurisdiction over Defendants Zahnia Harut, ACMN Properties LLC, and ACMN Properties Jade LLC (collectively, "Owner Defendants") because each is domiciled in and transacts business in Minnesota and has engaged in conduct causing harm to Sunset in Minnesota. Specifically, each Owner Defendant owns property/ies in Minnesota that it supplies to Affinity Residential Care LLC to operate, market, advertise (on Affinity Residential Care LLC's website, www.AffiniftyCareMN.com), sell, and provide housing and residential services at Owner Defendants' properties to prospective Minnesota tenants using the AFFINITY Word Mark and marks that are confusingly and deceptively similar to the AFFINITY Word Mark via Affinity Residential Care LLC's website, www.AffinityCareMN.com. On information and belief, Owner Defendants supply their properties to Affinity Residential Care LLC with full knowledge that the latter is using Owner Defendants' properties to advertise, sell, and provide housing and residential services using the AFFINITY Word Mark and confusingly-similar terms.

15. Venue is proper in this judicial district under 28 U.S.C. §§ 1391, 1391(b)(2), and 1391(c)(2), as Defendants are subject to this Court's personal

jurisdiction, and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

**Statement of Facts**

**Sunset's Trademark Rights**

16. Trademark No. 4,212,563 for the trademark AFFINITY (word mark in standard characters) was issued to Sunset on September 25, 2012, pursuant to Application Serial No. 85379019 filed July 22, 2011, for use on "real estate services, namely, rental and management of senior residential communities." The registration is incontestable.

17. U.S. Trademark No. 4,212,565 for the trademark AFFINITY (stylized two-tone dual-leaf design set forth below), was issued to Sunset on September 25, 2012, pursuant to Application Serial No. 85379051 filed July 22, 2011, for use on "real estate services, namely, rental and management of senior residential communities." This registration, also, is incontestable.

18. Copies of the AFFINITY Word Mark and Design Mark registrations are attached as Exhibits A and B, respectively.

19. Sunset has made continuous use of the AFFINITY Word Mark in interstate commerce through its licensees in connection with the management of senior residential communities since at least as early as June 17, 2011, and holds nationwide rights in the AFFINITY Word Mark dating back to July 22, 2011, *i.e.*,

the filing dates of Application Serial Nos. 85379019 and 85379051.

20. Sunset licenses the AFFINITY Marks to property management company Axis Residential, LLC ("Axis") and the owners of all the senior residential communities branded "Affinity" that Axis manages (the "Affinity Living Communities"), including the Affinity at Eagan and Affinity at Ramsey communities in Minnesota.

21. As the exclusive owner of the AFFINITY Marks, Sunset has sole discretion to take action to prevent unauthorized use or misuse of the AFFINITY Marks, including marks of a confusingly similar nature, and to bring an action related to such unauthorized use or misuse.

22. The Affinity Living Communities operate in eight states across the United States with plans to expand nationwide. The existing Affinity Living Communities include:

a. *Idaho*: Affinity at Boise, Affinity at Coeur d'Alene, Affinity at Nampa, Affinity at Idaho Falls;
b. *Washington State*: Affinity at Arlington, Affinity at Bellingham, Affinity at Broadmoor, Affinity at Burlington, Affinity at Covington, Affinity at DuPont, Affinity at Kennewick Southridge, Affinity at Lacey, Affinity at Olympia, Affinity at Puyallup, Affinity at Richland Badger Mountain, Affinity at Mill Road, Affinity at South Hill, Affinity at Spokane Valley, Affinity at Vancouver, Affinity at Walla Walla, Affinity at Wenatchee;

c. *Texas*: Affinity at Southpark Meadows, Affinity at Wells Branch, Affinity at Cedar Park, Affinity at Fort Keller, Affinity at Fort Worth Tavolo Park, Affinity at Lewisville, Affinity at Round Rock, Affinity at Monterrey Village;
d. *New Mexico*: Affinity at Albuquerque;
e. *Montana*: Affinity at Billings, Affinity at Kalispell, Affinity at Missoula;
f. *Minnesota*: Affinity at Eagan, Affinity at Ramsey;
g. *Colorado*: Affinity at Copperleaf, Affinity at Colorado Springs, Affinity at Fort Collins, Affinity at Lafayette, and Affinity at Loveland;
h. *Oregon*: Affinity at Bend; and
i. *Nevada*: Affinity at Carson City.

23. The Affinity Living Communities are nationally marketed through the website, www.AffinityForLiving.com, using the AFFINITY Marks, including in Minnesota.

24. The www.AffinityForLiving.com website has generated substantial organic traffic specifically from Internet users based in Minnesota and across the United States.

25. Sunset uses a naming convention pursuant to which the AFFINITY Mark is followed by the preposition "at" and a geographic name identifying a property's location, e.g., Affinity at Boise identifies the multi-family senior housing community located in Boise, Idaho.

26. Sunset uses the stylized AFFINITY Mark in conjunction with its naming convention on the www.AffinityForLiving.com website. An example is shown below.

Affinity | AT BOISE

27. Consumers can search the Internet using "Affinity at" to locate Affinity Living Communities.

28. Sunset and its licensees have invested a substantial amount of time, effort, and resources in promoting and identifying their businesses and promoting their services under the AFFINITY Marks, thereby creating substantial goodwill in the marketplace.

29. Affinity at Eagan broke ground in Minnesota on April 24, 2017, and opened to residents on July 9, 2018, followed by Affinity at Ramsey, which opened to residents on October 7, 2019.

30. Sunset and its licensees have invested a substantial amount of time, effort, and resources in developing and constructing facilities and providing management services marketed and delivered under the AFFINITY Marks.

31. Sunset and its licensees also have expended a substantial amount of time, effort, and resources marketing and promoting their businesses to potential

investors and others in the senior living development community in Minnesota and across the nation under the AFFINITY Marks.

32. The AFFINITY Marks are associated with unique, high quality construction, community relations, and integrity because of the efforts of Sunset and its licensees, which inures to the benefit of Sunset. Photos of Affinity at Eagan and Affinity at Ramsey, shown below, exemplify these qualities:



Affinity at Eagan



Affinity at Ramsey

## Defendants' Infringement

33. Defendant Affinity Residential Care LLC uses the AFFINITY Word Mark in connection with its housing and residential services offered to Minnesota consumers at Owner Defendants' properties and advertised to Minnesota consumers through its website.

34. On information and belief, the Owner Defendants supply residential properties to Defendant Affinity Residential Care LLC for the purpose of using those properties as residential living and care communities in Minnesota:

| **Property Name** | **Property Address** | **Property Owner** |
|---|---|---|
| 4th Ave Residence | 6604 4th Avenue South<br>Richfield, MN 55423 | Zahnia A. Harut |
| Clinton Ave Residence | 3552 Clinton Avenue<br>Minneapolis, MN 55408 | ACMN Properties Jade LLC |
| 12th Ave Residence | 609 12th Street<br>Newport, MN 55055 | ACMN Properties LLC |
| 26th St Residence | 1912 E. 26th St.<br>Minneapolis, MN 55404 | ACMN Properties Jade LLC |
| 11th Ave Residence | 3517 11th Ave. S<br>Minneapolis, MN 55407 | ACMN Properties LLC |
| Isabel Residence | 71 Isabel St W<br>St. Paul, MN 55107 | ACMN Properties LLC |

35. On information and belief, Defendant Affinity Residential Care LLC markets the residential communities through its website, www.affinitycaremn.com, and purports to provide housing and services for adults with disabilities in supportive apartments, group homes, and assisted living facilities throughout the Twin Cities of Minnesota.

36. On information and belief, Defendant Affinity Residential Care LLC advertises, markets, operates, manages, sells, rents, leases, and/or offers for sale,

rent, or lease residential property and housing services in housing communities using Plaintiff's AFFINITY Word Mark as shown below:




https://www.affinitycaremn.com/ (last visited September 22, 2026).

37. On information and belief, the Owner Defendants supply their residential properties to Defendant Affinity Residential Care LLC with full knowledge that the latter is using the residential properties to engage in the infringement of the AFFINITY Word Mark.

38. Defendants' infringing use of Plaintiff's AFFINITY Word Mark is used to provide substantially identical or similar services for the development and management of senior living communities in Minnesota. A comparison of Sunset's AFFINITY Word Mark and Defendants' infringing use follows:

| **Plaintiff's Trademarks** | **Defendants' Infringing Use** |
|---|---|
| Word Mark (Reg. No. 4,212,563):<br>AFFINITY | AFFINITY |

39. Defendant Affinity Residential Care LLC, with the help of the Owner Defendants, has steadily moved ahead with its business, working hard to promote its services and expand its consumer base throughout the country, continuing to offer and provide its confusingly similar services to senior consumers and other vulnerable adult consumers.

40. On information and belief, Defendant Affinity Residential Care LLC did not begin using the infringing marks until well after Plaintiff's 2012 registration of the AFFINITY Word Mark.

41. Sunset acquired common law trademark rights when it began using the AFFINITY Marks as early as 2009, and federal trademark rights as of the June 17, 2011, priority date.

42. Sunset brings this action against Defendants for injunctive and other relief regarding their willful and blatant trademark infringement, unfair competition and false designation of origin in violation of Sections 43(a) and 32(1)(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a) and 15 U.S.C. § 1114(1)(a), respectively, and for their trademark infringement, unfair competition, and unfair

and deceptive trade practices under the laws of Minnesota.

43. Plaintiff sent a cease and desist letter to Defendants on November 4, 2024, demanding Defendants end their unlawful use of the AFFINITY Word Mark. Defendant Affinity Residential Care LLC refused to cease its unlawful use. Attempts to resolve this dispute proved unsuccessful.

44. Defendant Affinity Residential Care LLC continues to offer and provide its confusingly similar services to senior consumers, other vulnerable adults, and the public.

45. On information and belief, the Owner Defendants continue to supply Defendant Affinity Residential Care LLC with residential properties with full knowledge that those properties are used to infringe the AFFINITY Word Mark.

46. Defendants' intentional misconduct in the face of Plaintiff's clear rights is likely to cause confusion and deceive consumers and the public, which will certainly continue and intensify absent relief from this Court.

47. Plaintiff should be awarded injunctive relief and monetary damages to remedy and redress Defendants' willful infringement.

## COUNT I

### Direct and Contributory Trademark Infringement
### Sunset's Word Mark
### (15 U.S.C. § 1114)

48. Sunset incorporates and realleges, as if fully set forth herein, the

allegations contained in the foregoing paragraphs of this Complaint.

49. Sunset owns valid and protectable rights in the AFFINITY Word Mark.

50. Defendant Affinity Residential Care LLC's unauthorized use of the AFFINITY Word Mark constitutes use in commerce of a copy or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of services, on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive as to the source of Defendant Affinity Residential Care LLC's housing services, in violation of 15 U.S.C. § 1114(1).

51. Defendant Affinity Residential Care LLC's unauthorized conduct is likely to cause confusion, deception, and mistake by creating the false and misleading impression that its living communities and advisory services are developed, marketed, endorsed, sponsored, approved, licensed, or affiliated with Sunset and/or that Sunset's senior living communities are developed, marketed, endorsed, sponsored, approved, licensed, or affiliated with Defendants.

52. Owner Defendants have supplied and continue to supply Defendant Affinity Residential Care LLC with residential properties knowing that Defendant Affinity Residential Care LLC is using those properties to engage in the infringement of the AFFINITY Word Mark.

53. Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of some of the most

vulnerable members of the public, *to wit*, the senior community, because Defendants use the same AFFINITY Word Mark for extremely similar services, in the same territory, and marketed to the same or similar consumers in search of housing options.

54. Defendants' infringing conduct has caused and, unless enjoined by this Court, will continue to cause injury to Sunset's goodwill and reputation as symbolized by the registered AFFINITY Word Mark, for which Plaintiff has no adequate remedy at law.

55. Defendants' actions demonstrate an intentional, willful, malicious intent to trade on the goodwill associated with the AFFINITY Word Mark and show a conscious disregard for Sunset's prior rights.

56. As a direct and proximate result of Defendants' actions, Sunset has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law unless enjoined and restrained by this Court under 15 U.S.C. § 1116.

57. As evidenced by Defendants' disregard of Sunset's rights and demands, Defendants' infringement of the AFFINITY Word Mark is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of Sunset's AFFINITY Word Mark and is exceptional infringement within the meaning of the Lanham Act § 35 (15 U.S.C. § 1117).

## COUNT II

### Unfair Competition
### Sunset's Word Mark
### (15 U.S.C. § 1125(a))

58. Sunset incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

59. Sunset has priority and the exclusive right to use the valid AFFINITY Word Mark throughout the United States for residential housing and residential management services.

60. Defendant Affinity Residential Care LLC's unauthorized use of Sunset's identical AFFINITY Word Mark in commerce, in connection with their services, is likely to cause consumer confusion, to cause mistake or to deceive the public as to an association between their services and the services of Sunset and its licensees, in violation of 15 U.S.C. § 1125(a), because the AFFINITY Word Mark is identical to Defendant Affinity Residential Care LLC's use of the word Affinity, and the services are extremely similar and are made available through the same channels targeted to the same population.

61. Defendant Affinity Residential Care LLC's use of the AFFINITY Word Mark, on or with its services, and on the advertising, promotion, marketing or publicity therefore, constitutes a false designation of origin and has created and will continue to create, unless restrained by this Court, a likelihood of confusion and

irreparable injury to Sunset by misappropriating the AFFINITY Word Mark.

62. Defendant Affinity Residential Care LLC's use of the AFFINITY Word Mark is an infringement of Sunset's trademark rights, a false designation of origin, sponsorship or approval, and unfair competition, in violation of 15 U.S.C. § 1125(a), entitling Sunset to relief.

63. Owner Defendants' provision of residential properties to Defendant Affinity Residential Care LLC with knowledge of the latter's ongoing infringement of the Affinity Word Mark further violates 15 U.S.C. § 1125(a).

64. Defendants' ongoing conduct is willful and undertaken with knowledge of and a conscious disregard for Sunset's prior rights.

65. Defendants' actions are causing Sunset irreparable harm for which there is no adequate remedy at law, and unless restrained, will continue to cause irreparable harm.

66. As evidenced by Defendants' disregard of Sunset's rights and demands, Defendants' infringement of the AFFINITY Word Mark is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of Sunset's AFFINITY Word Mark and is exceptional infringement within the meaning of the Lanham Act § 35 (15 U.S.C. § 1117).

//

## COUNT III

### Direct and Contributory Common Law Trademark Infringement
### Sunset's Word Mark

67. Sunset incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

68. Defendant Affinity Residential Care LLC's unauthorized use of the AFFINITY Word Mark for its services is likely to cause confusion as to the origin, source, sponsorship, or quality of Defendant Affinity Residential Care LLC's services, to cause mistake or to deceive the public, thereby causing harm to the goodwill and reputation of Sunset and the AFFINITY Marks.

69. Owner Defendants have supplied, and continue to supply, Defendant Affinity Residential Care LLC with residential properties knowing that Defendant Affinity Residential Care LLC is using those properties to engage in the infringement of the AFFINITY Word Mark.

70. Defendant Affinity Residential Care LLC's conduct in connection with adopting the infringing marks and in response to the dispute with Sunset has been and continues to be in bad faith.

71. Owner Defendants' ongoing provision of residential properties to Defendant Affinity Residential Care LLC with knowledge of the latter's infringement of the AFFINITY Word Mark, has been and continues to be in bad faith.

72. Defendants' acts have been ongoing with full knowledge of and a conscious disregard for Sunset's rights and prior use, on substantially identical or similar services, of the AFFINITY Word Mark.

73. Defendants' actions are causing Sunset irreparable harm for which there is no adequate remedy at law, and unless restrained, will continue to cause irreparable harm.

## COUNT IV

### Unfair and Deceptive Trade Practices
### Sunset's Word Mark
### (Minn. Stat. § 325D.43, et seq.)

74. Plaintiff incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

75. Defendant Affinity Residential Care LLC has been passing off its housing and advisory services as those of Sunset by its infringing use of the AFFINITY Word Mark, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendant's services, causing a likelihood of confusion as to Defendant Affinity Residential Care LLC's affiliation, connection, or association with Sunset, and otherwise damaging Sunset and the consuming public.

76. Owner Defendants have supplied, and continue to supply, Defendant Affinity Residential Care LLC with residential properties knowing that Defendant

Affinity Residential Care LLC is using those properties to engage in unfair and deceptive trade practices.

77. Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the Minnesota Unfair and Deceptive Trade Practice Act, Minn. Stat. § 325D.43 to .48.

78. Defendant Affinity Residential Care LLC's unauthorized use of the AFFINITY Word Mark, and Owner Defendants' supply of residential properties knowing of, and for the purpose of, that use, has caused and is likely to cause substantial injury to the public and to Sunset. Accordingly, Sunset is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

Sunset prays for judgment against Defendants as follows:

1. Defendants and all of Defendants' agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined permanently, from:

a. using the AFFINITY Marks or any other copy, reproduction, colorable imitation, or simulation of the AFFINITY Marks on or in connection with Defendants' services;

b. using any trademark, logo, design, or source designation of any

kind on, or in connection with, Defendants' services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the AFFINITY Marks;

c. using any trademark, logo, design, or source designation of any kind on or in connection with Defendants' services that is likely to cause confusion, mistake, deception, or public misunderstanding that such services are produced or provided by Sunset, are sponsored or authorized by Sunset, or are in any way connected or related to Sunset;

d. passing off, palming off, or assisting in passing off or palming off Defendants' services as those of Sunset, or otherwise continuing all acts of unfair competition as alleged in this Complaint;

e. supplying residential properties, or any other products, that are used to engage in any of the foregoing conduct.

2. Defendant Affinity Residential Care LLC be ordered to cease offering for sale, marketing, promoting, and selling, to remove from online advertisement, and to recall and retrieve all marketing materials and signage bearing the AFFINITY Marks and/or any confusingly similar variation, which are in Defendant's possession or under its authority, and also to deliver to each customer a copy of this Court's order as it relates to the injunctive relief against Defendant Affinity Residential Care LLC.

3. Owner Defendants be ordered to cease supplying Defendant Affinity Residential Care LLC with residential properties that are marketed using the AFFINITY Marks and/or any confusingly similar variation of the Marks owned by Sunset.

4. An award to Sunset of monetary remedies in an amount to be determined by a trier of fact for all harm caused by Defendants' actions, including Defendants' profits, the damages sustained by Sunset, costs of the action, reasonable attorneys' fees, and treble damages and profits as authorized by law.

5. An award of Sunset's interest, including prejudgment interest on the foregoing amounts.

6. For other and further relief, in law or in equity, to which Sunset may be entitled or which the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Sunset requests a trial by jury of any and all issues on which a trial by jury is available.

//

Dated: September 24, 2026

KUTAK ROCK LLP

By: */s/ Diane L. Peterson*

Diane L. Peterson (270702)
60 South 6th Street, Suite 3400
Minneapolis, MN 55402
(612) 334-5000
Diane.Peterson@KutakRock.com

Geana M. Van Dessel (WSBA #35969)
*pro hac vice pending*
510 W. Riverside Ave., Suite 800
Spokane, Washington 99201
(509) 747-4040
Geana.VanDessel@KutakRock.com

Maggie Ebert (NE # 24394)
*pro hac vice pending*
1650 Farnam Street
The Omaha Building
Omaha, NE 68102-2103
Maggie.Ebert@KutakRock.com

*Attorneys for Plaintiff*